```
┌─────────────────────────────────────────────────┐
│            NONPRECEDENTIAL DISPOSITION            │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 4, 2020[*]
Decided March 6, 2020

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2562

| | |
|---|---|
| STEVEN R. SCHMIDT,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
|     *v.* | No. 2:19-CV-821-JPS |
| KIMBELL S. FUIKS and<br>JEFFREY S. QUINTANA,<br>    *Defendants-Appellees*. | **J.P. Stadtmueller**,<br>*Judge*. |

**O R D E R**

Steven Schmidt, a disabled Milwaukee resident suffering from spinal injuries, sued two of his doctors, alleging that one performed the wrong surgery and both covered it up. The district court dismissed the case for lack of subject-matter jurisdiction. We agree and affirm the judgment.

---

[*] Defendant Kimbell Fuiks did not appear in the district court and is not participating in the appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In his complaint, Schmidt alleged that Dr. Kimbell Fuiks operated on his back and placed metal devices on certain vertebrae, but not the ones that they had agreed upon. And despite treating him for back pain for three years after this surgery, Dr. Jeffrey Quintana never told him about the devices' misplacement. This non-disclosure and concealment, Schmidt asserted, violated his "Federal Patient" and "U.S. Constitutional" rights to know his true medical condition. He sought monetary damages for the doctors' "medical negligence," relying in part on the National Medical Error Disclosure and Compensation Act of 2005 (the MEDiC Act), a proposed bill that was never passed into law.

Though served, Dr. Fuiks did not appear in the case, but Dr. Quintana moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim. *See* FED. RS. CIV. P. 12(b)(1), 12(b)(6). Schmidt's claims, he argued, appeared to be state-law negligence or medical malpractice claims and did not invoke the court's federal-question or diversity jurisdiction. Schmidt did not respond. The district court granted the motion and dismissed the action without prejudice.

We agree that the district court did not have subject-matter jurisdiction over the suit, so dismissal was required. In his complaint, Schmidt identified himself and both doctors as Wisconsin citizens, so diversity jurisdiction was lacking. *See* 28 U.S.C. § 1332.

And we see no basis for federal-question jurisdiction. District courts generally have jurisdiction over claims "arising under" federal law, 28 U.S.C. § 1331, and they retain jurisdiction to find that such claims nonetheless fail to state a cause of action. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 681; *see also Bell v. Hood*, 327 U.S. 678, 682 (1946). But claims may not invoke federal-question jurisdiction in the first instance if they were frivolous when filed or if they were "immaterial and made solely for the purpose of obtaining jurisdiction." *Restoration Risk Retention Grp., Inc. v. Gutierrez*, 880 F.3d 339, 346 (7th Cir. 2018) (quoting *Bell*, 327 U.S. at 682–83). Here, the cores of Schmidt's claims—alleging fraud, negligence, and medical malpractice—all arise under state, not federal law. Schmidt invokes the Health Insurance Portability and Accountability Act's "Federal Truth Medical Records" as a basis for jurisdiction, but like his assertions concerning his "Federal Constitutional Rights" and "Federal law[]" rights to accurate medical disclosures, his conclusory statements are not sufficient to transform his complaint into one stating even an arguably plausible federal cause of action. *See Oak Park Tr. & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) (affirming dismissal for lack of jurisdiction where theory of federal claim was "*so* feeble,

so transparent an attempt to move a state-law dispute to federal court … that it does not arise under federal law at all").

Schmidt also challenges the entry of judgment for Dr. Fuiks despite his failure to appear in the case. But the district court was obliged to assess subject-matter jurisdiction whether raised by the parties or not, and to dismiss the case if it was lacking. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008).

AFFIRMED.